UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMERICAN EDUCATIONAL RESEARCH
ASSOCIATION., et al.,

       Plaintiffs,

    v.

U.S.  DEPARTMENT OF EDUCATION, et
al.,

       Defendants.

Civil Action No.  8:25-cv-01230

## **DEFENDANTS' RESPONSIVE SUPPLEMENTAL BRIEFING**

# TABLE OF CONTENTS

I.   Notice of Supplemental Authority ........................................................................ 2

    A.   *AEFP et al.  v.  McMahon et al.*, No.  25-999 (D.D.C.) and *NAE et al.  v. Department of Education*, No.  25-1266 (D.D.C.).................................................. 2

    B.   *Carter v.  Department of Education*, No.  25-00744, 2025 WL 1453562 (D.D.C. May 21, 2025). ....................................................................................................... 3

II.  Plaintiffs Have Not Shown Standing for Challenging the Cancellation of IES Contracts. 4

    A.   Plaintiffs have not identified a statutory requirement for a subset of contracts or any associated harm from the contract cancellation, and thus no preliminary injunction should be entered. ............................................................................... 4

    B.   The Department does not have a statutory duty to maintain support contracts. ...... 5

    C.   Contracts relating to Regional Education Laboratories will be recompeted. ......... 5

    D.   Plaintiffs have not identified a concrete harm from the cancellation of the contract related to 29 U.S.C. § 3332. ................................................................................... 6

    E.   Contracts allegedly required by 20 U.S.C. § 9543(a)(1)(D) should not be enjoined because the Department has reinstated at least one contract to perform that duty. 7

    F.   The Court should not enjoin the cancellation of a contract that is not connected to a statutory duty (20 U.S.C. § 9543 (a)(1)(F)-(G)). ................................................. 8

    G.   The Department is Evaluating Contracts for Reinstatement to fulfill 20 U.S.C. § 9543 (a)(1)(E) and 20 U.S.C. § 1015a(k). ............................................................ 9

    H.   The Harms Connected to the Cancellation of Contracts Allegedly Effectuating 20 U.S.C. § 9543 (a)(1)(B) and (L) are Speculative and Not Imminent.................... 10

    I.   The Court should not enjoin the cancellation of contracts that are tertiary to the function of the What Works Clearing House (20 U.S.C. § 9562(a)(2), (3)). ....... 10

    J.   The Department has discretion whether to conduct evaluations of educational programs (20 U.S.C. §§ 9561, 9562(a)(2)). ......................................................... 12

    K.   The Court should not enjoin the cancellation of contracts that provide benefits to non-plaintiffs (20 U.S.C. § 9543(a)(4)-(5)). ......................................................... 13

L.  The Department is evaluating for reinstatement a contract to fulfill statutory duties pursuant to 20 U.S.C. §§ 6645, 6491(j), 6633(c)(2). ................................ 13

M.  The Department is evaluating for reinstatement a contract to fulfill statutory duties pursuant to 20 U.S.C. § 2324(a)(1), (d)(1)(A). ........................................... 14

N.  The Department is reinstating contracts to fulfill statutory duties pursuant to 20 U.S.C. § 9574 and 20 U.S.C. § 9575. ................................................................. 15

O.  The Department has discretion whether and when to perform longitudinal studies (20 U.S.C. § 9543 (a)(7)). ..................................................................................... 15

P.  The Department is fulfilling its statutory responsibilities with one contract, and may cancel the remainder (20 U.S.C. § 9543(a)(6)). ............................................ 16

Q.  The Department reinstated contracts to collect, analyze, and report data (20 U.S.C. § 9541). ................................................................................................... 17

R.  The Department is evaluating a contract for reinstatement or recompetition to fulfill statutory duties pursuant to 20 U.S.C. § 9533(a). ........................................ 18

S.  The Department has the discretion to provide evaluation support under 20 U.S.C. § 7261, and so may cancel contracts. ................................................................... 18

T.  The contract to effectuate 20 U.S.C. § 1464 has been approved for reinstatement. ............................................................................................................................ 19

U.  Plaintiffs have not shown they will be irreparably harmed from the cancellation of contracts allegedly connected to 20 U.S.C. § 9543(a)(1)(H). .............................. 20

Conclusion .......................................................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Carter v. U.S. Department of Education*,
  No. 25-0744, 2025 WL 1453562 (D.D.C. May 21, 2025).................................................. 3, 4

*Norton v. S. Utah Wilderness All.*,
  542 U.S. 55, 62 (2004)................................................................................................ 3

**Statutes**

20 U.S.C. § 1015a ........................................................................................................ 9

20 U.S.C. § 1464 ........................................................................................................ 19

20 U.S.C. § 2324 ........................................................................................................ 15

20 U.S.C. § 6491 ........................................................................................................ 14

20 U.S.C. § 6633 ........................................................................................................ 14

20 U.S.C. § 6645 ........................................................................................................ 14

20 U.S.C. § 7261 ........................................................................................................ 18

20 U.S.C. § 9533 ........................................................................................................ 18

20 U.S.C. § 9541 ........................................................................................................ 17

20 U.S.C. § 9543 .................................................................................................... *passim*

20 U.S.C. § 9561 ........................................................................................................ 12

20 U.S.C. § 9562 ................................................................................................... 10, 12

20 U.S.C. § 9563 ........................................................................................................ 12

20 U.S.C. § 9574 ........................................................................................................ 15

Defendants respectfully submit this supplemental brief to provide notice of recent district court decisions relevant to the issues before this Court and to respond to arguments raised by Plaintiffs' Supplemental Brief, ECF No. 44.

First, recent decisions in three similar matters pending in the U.S. District Court for the District of Columbia underscore that this Court should deny Plaintiffs' motion for a preliminary injunction. Each of those district court decisions concluded that challenges to the cancellation of contracts within the Institute of Education Sciences represent programmatic attacks on agency decision-making of the sort that are unreviewable under the APA. Those are just the sort of claims asserted by Plaintiffs here, and this Court should deny Plaintiffs' preliminary injunction motion for the same reasons articulated by the district courts in those matters.

Second, Plaintiffs' own Supplemental Brief confirms that they challenges they raise are both paradigmatically programmatic and factually unsupported. They seek the reinstatement of contracts that touch every facet of IES's activities: legal review services for memoranda of understanding, IT contracts for public facing websites, contracts providing support to states, contracts for individual studies, and contracts for maintaining confidentiality of data. As an interim remedy, Plaintiffs would have the Court reinstate and closely supervise more than 80 rescinded contracts, as well as reinstate an unknown number of Department of Education (Department) employees to effectuate those contracts. But Plaintiffs cannot connect most of these contracts to any requirement imposed on the Department by statute—rather than an effort undertaken by the Department at its discretion—or show any concrete harm to at least one of their respective members, as required to show associational standing. And even in the few instances where Plaintiffs might make both required showings, their claims have been overtaken by developments, as the Department has reinstated, or is in the process of reinstating, contracts that will fulfill the limited number of statutorily required duties at issue. For both reasons, the Court should deny Plaintiffs' requested preliminary injunction and decline their invitation to superintend the Department's contracting activities.

I.     **Notice of Supplemental Authority**

   A.     *AEFP et al.  v.  McMahon et al.*, No.  25-999 (D.D.C.) and *NAE et al.  v. Department of Education*, No.  25-1266 (D.D.C.).

Two cases nearly identical to this matter are pending before the United States District Court for the District of Columbia.  Each challenges the same IES contract cancellations and reductions-in-force (RIFs).  And in each, the district court denied the plaintiffs' preliminary injunction motions,  which sought reinstatement of the cancelled contracts and employees subject to the RIF. Ex.  2 at 2.

The plaintiffs in *AEFP v. McMahon*, No.  25-cv-999 (D.D.C. filed Apr. 4, 2025), are the Association for Education Finance and Policy and the Institute for Higher Education Policy.  Ex. 2 at 6.  The first organization strives to provide a forum for discussion and debate as to what drives effective education and related services for people of all ages.  *Id.*  The second focuses on "research, policy, and advocacy" surrounding access to postsecondary education.  *Id.*  Like Plaintiffs here, they and their members rely on Institute-produced data for these activities.  *Id.*

The plaintiffs in *NAE v. Department of Education*, No. 25-cv-1266 (D.D.C. filed Apr. 24, 2025), are the National Academy of Education and the National Council on Measurement in Education. Ex.  2 at 6.  The former works to advance high-quality research to improve education policy and practice.  *Id.*  The latter is a professional organization that promotes advancement in assessment, evaluation, testing, and other aspects of educational measurement.  *Id.*  These Plaintiffs and their members, like the Plaintiffs in this case, also rely on data from the Institute in their activities.  *Id.*

In both cases, the plaintiffs challenge the decisions to cancel contracts, reduce staffing, and modify data access procedures, asserting that those actions were arbitrary and capricious and violated the Institute's statutory mandates.  Ex.  2 at 7.

The district court denied the preliminary injunction motions in each case, finding that the plaintiffs had failed to show a likelihood of success on the merits.  In particular, the district court found that "the programmatic nature of the [Plaintiffs'] challenge dooms its motion." Ex.  2 at 14.

For the contract cancellations, the court noted that the contracts were cancelled at different times, and others were reinstated, reflecting separate, discrete decisions.  *Id.*  And the fact that the Plaintiffs asked for research and data dissemination to continue reflected the programmatic focus.  *Id.*  at 15.  With respect to the RIF, the programmatic focus was confirmed because the briefing focused on the effects of the RIF, not the RIF itself.  *Id.*  at 16.  The court noted that a challenge to the termination of the remote access program might represent a proper APA claim, but because it was bundled with the programmatic challenge, it too would be unlikely to succeed on the merits.  *Id.*  at 17.

The court likewise held that the plaintiffs had failed to show a likelihood of success as to their constitutional claims because they were essentially repackaged APA claims.  Ex.  2 at 20.  The court also found that the Tucker Act may preclude review, as some of the Plaintiffs' members worked pursuant to the cancelled contracts.  Ex.  2 at 23-24.  A copy of the decision denying the preliminary injunction is attached hereto as Exhibit 2.

### B.    *Carter v.  Department of Education*, No.  25-00744, 2025 WL 1453562 (D.D.C.  May 21, 2025).

In *Carter v.  U.S.  Department of Education*, No.  25-0744, 2025 WL 1453562 (D.D.C.  May 21, 2025), the plaintiffs—a group of parents and students and an advocacy organization— sought a preliminary injunction enjoining a RIF and closure of regional offices at the Department of Education's Office of Civil Rights (OCR).  In denying the plaintiffs' motion, the district court found that they were not likely to succeed on the merits of their Administrative Procedure Act (APA) claims for two reasons: (1) because they had failed to offer sufficient evidence that OCR failed to perform statutory and regulatory duties and (2) because their challenge was a "'broad programmatic attack' on the agency's operations that is not cognizable under the APA."  *Id.*  at *6 (citing *Norton v.  S.  Utah Wilderness All.*, 542 U.S. 55, 62 (2004)); *see generally id.*  at *6-14.  The court similarly found that the plaintiffs were unlikely to succeed on their ultra vires claim.

*See id.* at *14.  A copy of the decision denying the preliminary injunction is attached hereto as Exhibit 3.

II.    **Plaintiffs Have Not Shown Standing for Challenging the Cancellation of IES Contracts.**

    A.    **Plaintiffs have not identified a statutory requirement for a subset of contracts or any associated harm from the contract cancellation, and thus no preliminary injunction should be entered.**

Plaintiffs have not shown standing to challenge the following contracts, as they have neither alleged any harm to their members attributable to their cancellations nor shown that the contracts are necessary to the Department's performance of any statutorily required duties.  Pls. Supp. Br. at 64-66. These contracts are:

- 91990020A0002/91990025F0013
- 91990023D0029/91990024F0373
- 91990023D0003/91990024F0376
- 91990023D0049/91990024F0389
- 91990021D0004/91990024F0393
- 91990020A0032/91990022F0302
- 91990019C0004
- 91990021P0005
- 91990024C0043
- 91990019D0002/91990020F0346
- 91990019D0002/91990021F0368
- 91990023D0046/91990023F0334
- 03310320D0223/LCFDL20D022/91990024F0026
- 91990020A0031/91990023F0310
- 91990024C0044

**B.**     **The Department does not have a statutory duty to maintain support contracts.**

Plaintiffs identified a number of contracts that they contend are "critical," yet they have failed to tie them to any statutorily required duty or allege that their cancellations have harmed their members.  Pls. Supp. Br. at 62-64. Without showing both, Plaintiffs cannot establish standing to challenge these cancellations.  These contracts are:

- 91990023D0041/91990024F0387

- 91990023D0005/91990025F0009

- 47QTCK18D0036/91990022F0042

- 91990020A0032/91990022F0302

- 91990020A0032/91990022F0337

- 91990023 D0046/91990023F0330

**C.**     **Contracts relating to Regional Education Laboratories will be recompeted.**

The Court should not enjoin the cancellation of the following contracts:

- 91990023D0050/91990024F0386

- 91990022C0014

- 91990022C0013

- 91990022C0011

- 91990022C0015

- 91990022C0010

- 91990022C0008

- 91990022C0003

- 91990022C0009

- 91990022C0012

- 91990023C0003

Each of these contracts is for the establishment of a statutorily required Regional Education Laboratory (REL) other than 91990023D0050/91990024F0386, which assesses the REL program. The Department intends to recompete each of these contracts. Exhibit 1. Enjoining the cancellation of these contracts now would improperly intrude upon the Department's discretion in determining how to contract for these RELs.

Further, Plaintiffs have identified no concrete or imminent harm that would flow from the cancellation of these contracts. Should the Court ultimately find that they should not be cancelled, Plaintiffs can wait until a final decision is entered by this Court to receive relief.

**D.    Plaintiffs have not identified a concrete harm from the cancellation of the contract related to 29 U.S.C. § 3332.**

Plaintiffs are unable to establish any harm from the cancellation of Contract 91990018C0057. Plaintiffs state that "one" member of AERA "reported that this was among the studies that he intended to use." Pls. Supp. Br. at 48. But the declaration merely states that the IES CTE study, if cancelled, would be harmful. ECF 44-1, Ex. V ¶ 16. There is nothing in the contract that indicates that this is the "IES CTE" study referred to by the declarant. Defendants are unable to identify what IES CTE study is being referred to. Even if the term "IES CTE" study as used by Plaintiffs' declarant referred to the study described in contract 91990018C0057, the allegations of harm are speculative and conclusory. There is no explanation of how this study is relied upon by this one researcher, or how the cancellation of this one contract would cause harm.

Further, Plaintiffs have not identified an immediate harm that would flow from the cancellation of this contract. Should the Court ultimately find that this contract should not be cancelled, Plaintiffs can wait until a final decision is entered by this Court to receive relief.

**E.    Contracts allegedly required by 20 U.S.C. § 9543(a)(1)(D) should not be enjoined because the Department has reinstated at least one contract to perform that duty.**

The Department is statutorily required to

> collect, report, analyze, and disseminate statistical data related to education in the United States and in other nations, including—collecting, acquiring, compiling (where appropriate, on a State-by-State basis), and disseminating full and complete statistics (disaggregated by the population characteristics described in paragraph (3)) on the condition and progress of education, at the preschool, elementary, secondary, postsecondary, and adult levels in the United States, including data on— secondary school completions, dropouts, and adult literacy and reading skills.

20 U.S.C. § 9543(a)(1)(D). The Department is currently fulfilling that statutory duty under contract GS00Q14OADU223/91990019F0025.  Exhibit 1. This contract requires IES to gather data from three international assessments: the Program for International Student Assessment (PISA), Progress in International Reading Study (PIRLS), and Program for the International Assessment of Adult Competencies.  PIRLS "is an international assessment that focuses on the reading knowledge and skills of fourth-graders" EDAERA_13_0038.  PISA "is an international assessment of 15-year-old students' reading, mathematics, and science literacy, as well as, occasionally, other subjects (e.g., financial literacy; collaborative problem solving)." EDAERA_13_0039.  PIAAC "is an international household study, which in cycle 1 (2011-2017) measured adults' basic skills in literacy, numeracy, literacy components, and problem-solving in technology-rich environments." EDAERA_13_0039.  PIAAC fulfills the statutory requirement collect data on "secondary school completions, dropouts, and adult literacy and reading skills" because it collects data on adult literacy and reading skills, as well as education level.

Because the Department is collecting the statutorily required information, the cancellation of the other studies identified by Plaintiffs, GS00Q14OADU217/91990018F0018 and 91990023D0042/91990024F0321, should not be enjoined.

Nor have Plaintiffs identified a harm from the cancellation of GS00Q14OADU217/91990018F0018.  This contract is for the High School and Beyond 2020 study (HS&B:20).  EDAERA_06_0034.  Plaintiffs state in their brief that their members are harmed by the cancellation of this contract, Pls. Supp. Br. at 17, but the cited declaration alleges harm from not having access to the dataset of High School Longitudinal Study of 2009 (HSLS09).  ECF 44-1, Ex. L ¶ 9.  There is no harm alleged from not having access to as-yet uncreated data.

Similarly, Plaintiffs have not identified a harm in cancelling 91990023D0042/91990024F0321.  This contract is for follow-up studies on the cohort previously studied in HSLS09.  EDAERA_75_0028.  Plaintiffs assert that their members are harmed by the cancellation of this contract, Pls. Supp. Br. at 17, but the cited declaration alleges harm from not having access to the dataset of a High School Longitudinal Study.  ECF 44-1 Ex. N ¶ 12.  There is no harm alleged from not having access to as-yet uncreated data.

### F.  The Court should not enjoin the cancellation of a contract that is not connected to a statutory duty (20 U.S.C. § 9543 (a)(1)(F)-(G)).

The Statistics Center within the Department of Education is statutorily required to

> collect, report, analyze, and disseminate statistical data related to education in the United States and in other nations, including—collecting, acquiring, compiling (where appropriate, on a State-by-State basis), and disseminating full and complete statistics (disaggregated by the population characteristics described in paragraph (3)) on the condition and progress of education, at the preschool, elementary, secondary, postsecondary, and adult levels in the United States, including data on— teaching . . . instruction, the conditions of the education workplace, and the supply of, and demand for, teachers.

20 U.S.C. § 9543(a)(1)(F)-(G).  Plaintiffs identify contract 91990020A0014/91990022F0328 as being connected to this statutory duty.  Pls. Supp. Br. at 17-18.  This contract calls for a study that "samples teachers, schools, and principals as respondents, while the TFS and PFS re-contact the teachers and principals who responded to NTPS to collectively report on the state of K-12 public and private education in the US." EDAERA_47_0011.  On its face, the contract is not collecting

- 8 -

data on "teaching . . . instruction, the conditions of the education workplace, and the supply of, and demand for, teachers." 20 U.S.C. § 9543(a)(1)(F)-(G). Rather, it is soliciting the views of teachers and principals on the state of education in the United States. Because Plaintiffs have not connected this contract to any statutorily required duty, its cancellation should not be enjoined.

### G.    The Department is Evaluating Contracts for Reinstatement to fulfill 20 U.S.C. § 9543 (a)(1)(E) and 20 U.S.C. § 1015a(k).

Plaintiffs identify the following contracts as being related to duties required by 20 U.S.C. §§ 9543(a)(1)(E) and 1015a(k):

- 91990018C0039

- 91990022C0017

- 91990023D0005/91990024F0330

Pls. Supp. Br. at 13-14. The cancellation of these contracts should not be enjoined. First, the Department is evaluating 91990018C0039 and 91990022C0017 for eventual reinstatement or recompetition. Exhibit 1. The Department should have the discretion to go through this process. 20 U.S.C. § 9543(a)(1)(E) does not have a frequency or deadline by which the report should be made, so the Department has time to evaluate the contracts. Similarly, 20 U.S.C. § 1015a(k) has a statutory requirement of a report every four years. Plaintiffs have not stated that the deadline for the upcoming report is so soon that the Department's discretion to review contracts should be taken away by a preliminary injunction.

Second, 91990023D0005/91990025F0009 is a support contract—its functions are not mandated by statute. The Department, in its discretion, has decided that contractual support is not needed. Plaintiffs have not submitted any evidence that would undermine this use of discretion, and the Court should not take Plaintiffs' invitation to substitute their judgment for the Department's.

Further, Plaintiffs have not identified an immediate harm that would flow from the

cancellation of these contract.  Should the Court ultimately find that this contract should not be cancelled, Plaintiffs can wait until a final decision is entered by this Court to receive relief.

**H.    The Harms Connected to the Cancellation of Contracts Allegedly Effectuating 20 U.S.C. § 9543 (a)(1)(B) and (L) are Speculative and Not Imminent.**

Plaintiffs identify the following contracts as being statutorily required and assert that their cancellation has harmed or will harm their members:

- 91990019C0002

- ED-IES-12-D-0002/91990021F0343

- ED-ESE-15-A-0015/91990020F0309

Pls. Supp. Br. at 11.  As described in Defendants Opposition to Plaintiffs Motion for a Preliminary injunction, ECF-41, the harms alleged are speculative.

Moreover, ED-ESE-15-A-0015/91990020F0309 is a support contract.  *See* EDAERA_16.  Its functions are not mandated by statute, and so its cancellation should not be enjoined.

**I.    The Court should not enjoin the cancellation of contracts that are tertiary to the function of the What Works Clearing House (20 U.S.C. § 9562(a)(2), (3)).**

The Department is required by 20 U.S.C. § 9562(a)(2)-(3) to "widely disseminate information on scientifically valid research, statistics, and evaluation" in an "accessible . . . user-friendly, timely and efficient manner" including through a "searchable online [] database" to "researchers." 20 U.S.C. § 9562(a)(2)-(3).  The Department will be fulfilling that statutory mandate.

The Department has approved contract 91990023A0001/91990024F0316 for reinstatement.  This contract performs the core functions of the What Works Clearinghouse, which include maintaining and enhancing the What Works Clearinghouse website, conducting all training of What Works Clearinghouse reviewers, maintaining the online study review guide system, operating the What Works Clearinghouse help desk, updating the What Works Clearinghouse

standards and procedures handbooks, and convening methodological experts to advise on statistical issues. *See generally* EDAERA_74. Because the WWC will be up and running, the Department is fulfilling its statutory mandate.

Plaintiffs identify tertiary contracts that may or may not improve the functionality of the WWC, but these contracts are by no means statutorily required. Pls. Supp. Br. at 48-52. Plaintiffs have not met their burden on explaining why each contract is required for the WWC to operate. It is the Department's judgment that the WWC can operate with the core contract. Accordingly, the Court should not enjoin the cancellation of the following contracts:

- 91990021A0004/91990023F0072
- 91990021A0003/91990021F0370
- 91990021A0022/91990022F0342
- 91990021A0004/91990023F0325
- 91990021A0003/91990023F0336
- 91990021A0022/91990024F0342
- 91990023 D0002/91990025F0014
- 91990020D0005/91990021F0365
- 91990020D0005/91990024F0310
- 91990023 D0031/91990024F0304
- 91990023A0001/91990023F0308
- 91990023A0001/91990024F0316

Moreover, Plaintiffs have not identified concrete harms from the cancellation of any of these contracts. That is a separate ground for denying injunctive relief.

Further, Plaintiffs have not identified an immediate harm that would flow from the cancellation of these contracts. Should the Court ultimately find that this contract should not be cancelled, Plaintiffs can wait until a final decision is entered by this Court to receive relief.

**J.     The Department has discretion whether to conduct evaluations of educational programs (20 U.S.C. §§ 9561, 9562(a)(2)).**

The mission of the National Center for Education Evaluation and Regional Assistance within the Department is "to conduct evaluations of Federal education programs administered by the Secretary (**and as time and resources allow**, other education programs) to determine the impact of such programs." 20 U.S.C. § 9561(b)(2) (emphasis added). In effectuating that mission, the Department shall "conduct evaluations pursuant to section 9563 of this title." 20 U.S.C. § 9562(a)(1). And Section 9563 states that "[i]n carrying out its missions, the National Center for Education Evaluation and Regional Assistance **may**— conduct or support evaluations." 20 U.S.C. § 9563(a)(1)(A) (emphasis added). Read together, the Department has wide discretion in whether, and which, evaluations to undertake.

Plaintiffs point to these general statutes to justify requesting the Court to manage 13 separate studies that range across mathematics, teacher residencies, financial aid, and mental health services. Pls. Supp. Br. at 35-41. But given the wide latitude Congress granted the Department, the Department acted within its discretion in cancelling these studies, and the Court should not enjoin the cancellation of the following contracts:

- 91990021D0004/91990022F0057
- ED-IES-17-C0066
- 91990019C0066
- ED-PEP-16-A-0003/91990019F0334
- 91990021D0001/91990024F0362
- 91990021D0001/91990025F0023
- 91990019C0056
- ED-IES-11-C-0063/91990022F0051
- 91990024D0007/91990024F0006
- 91990024D0007/91990025F0012
- 91990019D0003/91990020F0369

- 91990022A0017/91990024F0369

- 91990022A0016/91990022F0377

Nor have Plaintiffs demonstrated any urgency that would require a preliminary injunction.

**K.    The Court should not enjoin the cancellation of contracts that provide benefits to non-plaintiffs (20 U.S.C. § 9543(a)(4)-(5)).**

The Department shall

> assist[] public and private educational agencies, organizations, and institutions in improving and automating statistical and data collection activities, which may include assisting State educational agencies and local educational agencies with the disaggregation of data and with the development of longitudinal student data systems, [and] determin[e] voluntary standards and guidelines to assist State educational agencies in developing statewide longitudinal data systems that link individual student data consistent with the requirements of the Elementary and Secondary Education Act of 1965 (20 U.S.C. 6301 et seq.), promote linkages across States, and protect student privacy consistent with section 9573 of this title, to improve student academic achievement and close achievement gaps.

20 U.S.C. § 9543(a)(4)-(5). Plaintiffs do not have standing to challenge contracts that are associated with these statutory duties.  These statutory mandates are directed at giving assistance and benefits to states, private educational agencies, organizations, and institutions.  None of these are alleged to be members of AERA or SREE.  Plaintiffs do allege that they rely on State data.  Pls. Supp. Br. at 23.  That the Plaintiffs' members may ultimately rely on State data is far too attenuated to support a showing of harm.  Accordingly, the Court should not enjoin the cancellation of the following contracts:

- 91990023 D0008/91990024F0367

- GS10F035AA/91990021F0031

**L.    The Department is evaluating for reinstatement a contract to fulfill statutory duties pursuant to 20 U.S.C. §§ 6645, 6491(j), 6633(c)(2).**

The Department "shall conduct a national evaluation" of reading grant programs in comprehensive literacy state development grants program, 20 U.S.C. § 6645(a), "shall . . . evaluate

. . . implementation . . . and . . . impact" of flexibility agreements under ESSA, 20 U.S.C. § 6491(j), and "shall carry out an independent evaluation" of teacher and school leader incentive program. 20 U.S.C. § 6633(c)(2).

To fulfill these obligations, the Department is evaluating 91990018C0020 for eventual reinstatement or recompetition. This contract "examine[s] the implementation of the Striving Readers Comprehensive Literacy (SRCL) Program and to assess the feasibility of an impact evaluation of the Comprehensive Literacy State Development (CLD) Program." EDAERA_01_00031. The Contract has three parts: "an implementation evaluation of the SRCL program, an impact design/feasibility study for the CLD program, and an optional impact evaluation of the CLD program." *Id.* Simply put, this contract evaluates literacy grants and their impact.

These evaluations do not have a statutory deadline. The Department should be granted the time to exercise its discretion in how to reinstate or recompete this contract, rather than be enjoined. And because this contract being evaluated for reinstatement or recompetition, the Department may be fulfilling its statutory obligations in the future. Therefore, the other cancelled contracts, 91990019C0059 and 91990018C0044, should not be reinstated by this Court.

Further, Plaintiffs have not identified an immediate harm that would flow from the cancellation of these contract. Should the Court ultimately find that this contract should not be cancelled, Plaintiffs can wait until a final decision is entered by this Court to receive relief.

**M.    The Department is evaluating for reinstatement a contract to fulfill statutory duties pursuant to 20 U.S.C. § 2324(a)(1), (d)(1)(A).**

The Department is required to "collect performance information about, and report on, the condition of career and technical education and on the effectiveness of State and local programs, services, and activities." 20 U.S.C. § 2324(a)(1). The Department is evaluating 91990024D0012/91990024F0394 for reinstatement or recompetition to fulfill this statutory mandate. The Court should allow IES the discretion to follow that process.

**N.    The Department is reinstating contracts to fulfill statutory duties pursuant to 20 U.S.C. § 9574 and 20 U.S.C. § 9575.**

IES is required to make "data collected by the Institute . . . available to the public, including through use of the Internet." 20 U.S.C. § 9574.   The Department is fulfilling these functions through the following contracts:

- GS-35F-0329Y/91990022F0007

- GS-00F-428GA/91990022F0006

- GS-35F-0329Y/91990019F0001

GS-35F-0329Y/91990022F0007   has   been   reinstated,   and   GS-00F-428GA/91990022F0006 and GS-35F-0329Y/91990019F0001 are approved for reinstatement. Thus, there nothing for the Court to enjoin under these statutes.


**O.    The Department has discretion whether and when to perform longitudinal studies (20 U.S.C. § 9543 (a)(7)).**

The Department shall "conduct[] longitudinal and special data collections **necessary** to report on the condition and progress of education." 20 U.S.C. § 9543 (a)(7) (emphasis added).  The language of the statute invests IES with discretion – it must only conduct these studies if they are necessary to report on the condition and progress of education.  Accordingly, IES cancelled the following contracts:

- GS00Q140ADU217/91990018F0018

- 91990023D0042/91990024F0321

- 91990023D0005/91990024F0330

- 91990023D0006/91990023F0034

Because these studies are not mandated by statute, the Court should not enjoin their cancellation.

**P.    The Department is fulfilling its statutory responsibilities with one contract, and may cancel the remainder (20 U.S.C. § 9543(a)(6)).**

IES is required to "acquir[e] and disseminat[e] data on educational activities and student achievement (such as the Third International Math and Science Study) in the United States compared with foreign nations. 20 U.S.C. § 9543(a)(6).

The Department is currently fulfilling that statutorily required duty under contract GS00Q14OADU223/91990019F0025. As described above, this contract requires IES to gather data from, among other things, PISA, which "is an international assessment of 15-year-old students' reading, mathematics, and science literacy, as well as, occasionally, other subjects (e.g., financial literacy; collaborative problem solving)." EDAERA_13_0039. PISA fulfills the statutory requirement to collect data on educational activities and student achievement in the United States compared with foreign nations" because it is an international study that collects data on students' reading, mathematics, and science literacy.

Because the Department is collecting the statutorily required information, the cancellation of the following contracts should not be enjoined:

- 91990021C0052

- 91990023C0002

- GS00Q14OADU217/91990021F0001

- 91990023D0005/91990024F0348

**Q.    The Department reinstated contracts to collect, analyze, and report data (20 U.S.C. § 9541).**

The mission of IES is to "collect and analyze education information and statistics in a manner that meets the highest methodological standards; [and] to report education information and statistics in a timely manner." 20 U.S.C. § 9541(b)(1)-(2).

The Department is fulfilling its statutory mandate.    First, it reinstated 91990023D0008/91990024F0331, which provides "support services to NCES for the EDFacts Data Collection and Dissemination systems and processes." EDAERA_78_00011.  Plaintiffs describe in detail their reliance on EDFacts and the harm if EDFacts was discontinued, but EDFacts has not been terminated.  Pls. Br. at 31-34.  Similarly, 91990023D0046/91990024F0327, the contract for Education Demographic and Geographic Estimates (EDGE) support has been approved for reinstatement.  Plaintiffs again rely on harms from the cancellation of the EDGE contract, but it has been approved for reinstatement. Pls. Br. at 31-34.  The Department has also reinstated 91990020A0014/91990022F0350, provides support to "ensure data quality, improve statistical methodology, and increase production efficiency of data files and reports." EDAERA_50_00008.    Finally, the Department is evaluating for eventual reinstatement or recompetition 91990023D0042/91990024F0347, which provides support to all the above functions.  Exhibit 1.

The remaining contracts identified by Plaintiffs are duplicative and not statutorily required. Thus, the Court should not enjoin the cancellation of the following contracts:

- 91990023D0029/91990024F0345

- 91990023D0039/91990024F0344

- 91990020A0032/91990022F0337

**R.    The Department is evaluating a contract for reinstatement or recompetition to fulfill statutory duties pursuant to 20 U.S.C. § 9533(a).**

The National Center for Education Research ("NCER") is required to carry out a plan for "scientifically valid research" that "meets the procedures for peer review" that the Director is required to establish.  20 U.S.C. § 9533(a)(4)(B).  NCER is also required to "maintain published peer-review standards" for all research carried out through NCER.  20 U.S.C. § 9533(a)(1).

The Department is evaluating 91990022C0066 for reinstatement or recompetition to fulfill this function.  Plaintiffs concede that this contract was the vehicle by which this statutory function was carried out.  Pls. Br. at 60.  The Department should be granted the time to exercise its discretion in how to reinstate or recompete this contract, rather than be enjoined.

**S.    The Department has the discretion to provide evaluation support under 20 U.S.C. § 7261, and so may cancel contracts.**

Under 20 U.S.C. § 7261, the Department makes grants to eligible entities to "create, develop, implement, replicate, or take to scale entrepreneurial, evidence-based, field-initiated innovations to improve student achievement and attainment for high-need student." 20 U.S.C. § 7261(a)(1)(A).  These entities, and not the Department, are required by statute to "conduct an independent evaluation of the effectiveness of the program carried out under such grant.  *Id.* § 7261(e). The Secretary "**may** . . . provide technical assistance for eligibility entities, which may include pre-application workshops, web-based seminars, and evaluation support" *Id.* § 7261(f). But this support is entirely discretionary.  The Department acted within its discretion in cancelling the contracts providing this support.

Further, any alleged harm to Plaintiffs' members is highly attenuated.  It appears that Plaintiffs argue that without this support, grant recipients will not produce credible research.  Pls.

Br. at 54.  But these researchers are required by statute to rigorously evaluate their programs, so Plaintiffs' fears are misplaced.

For these reasons, the Court should not enjoin the cancellation of the following contracts:

- ED-ESE-15-A-0005/91990020F0305

- 91990020A0028/91990022F0303

- 91990020A0028/91990024F0303

- 91990023F0302[1]

- 91990020A0028/91990021F0304


**T.    The contract to effectuate 20 U.S.C. § 1464 has been approved for reinstatement.**

The Department is required to "assess the . . . effectiveness of State and local efforts to provide—a free appropriate public education to children with disabilities." 20 U.S.C. § 1464(a)(2)(A).   The Department plans on fulfilling that statutory duty with contract 91990018C0046, which has been approved for reinstatement.  Contract 91990018C0046 is for a large-scale study of reading interventions for struggling readers more than 6 years into performance.  As this is a study of interventions for students who struggle to read, it fulfills the statutory mandate to assess State and local efforts to provide a free appropriate public education to children with disabilities.  Because the Department is fulfilling its statutory duties with this contract, it has the discretion to cancel contracts that perform similar work.  Accordingly, the Court should not enjoin the cancellation of the following contracts:

- 91990019C0078

---

[1] This contract was misidentified in Plaintiffs brief as 91990021F0302.

- ED-IES-15-C-0046

**U.    Plaintiffs have not shown they will be irreparably harmed from the cancellation of contracts allegedly connected to 20 U.S.C. § 9543(a)(1)(H).**

The Department is required to "collect, report, analyze, and disseminate statistical data" on "violence affecting students [and] school personnel," and "other indices of school safety." 20 U.S.C. § 9543(a)(1)(H). Plaintiffs have identified contracts 91990020A0017/91990023F0316 and 91990022C0048. Pls. Br. at 17. The Court should not enjoin the cancellation of these contracts because Plaintiffs have not shown that they will be immediately harmed and cannot wait until the Court reaches a ruling on the merits.

**CONCLUSION**

Plaintiffs' motion for a preliminary injunction should be denied.

DATED: June 5, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

BRAD P. ROSENBERG
Special Counsel

*/s/ Michael Bruns*
Michael Bruns
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov
(202) 514-4011

KELLY O. HAYES
United States Attorney
Charles R. Gayle (Bar No. 14706)
Assistant United States Attorney
U.S. Attorney's Office for the District of Maryland
36 South Charles St.,
Baltimore, MD 21201

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the CM/ECF system will be sent

electronically to the registered participants

Dated: June 5, 2025

<u>*/s/ Michael Bruns*</u>
MICHAEL BRUNS
Trial Attorney