# Exhibit LLL

AERA-0662

AMERICAN EDUCATIONAL RESEARCH
ASSOCIATION, *et al.*,

*Plaintiffs*,

*vs.*

U.S. DEPARTMENT OF EDUCATION,
*et al.*,

*Defendants*.

Civil Action No. 8:25-cv-01230

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION TO DEFENDANTS

Defendants the United States Department of Education, the Institute of Education Sciences, Secretary Linda McMahon and Acting Director Matthew Soldner (Defendants) hereby object and respond, pursuant to Federal Rules of Civil Procedure (FRCP) Rules 26 and 36 and the local rules of the District of Maryland, to Plaintiffs American Education Research Association and Society for Research on Educational Effectiveness (Plaintiffs) First Set of Requests for Admission to Defendants, dated August 13, 2025. The Defendants' discovery and investigation in connection with this case are ongoing. As a result, the Defendants' responses concern information obtained and reviewed to date, and the objections, limitations, and responses contained in this response are subject to and without waiver of any right of the Defendants to: (a) object to other discovery requests directed to the subject matter of the Requests for Admission and this response; (b) make additional or supplementary objections to the Requests for Admission; and (c) revise, correct, supplement, or clarify the contents of this

Response, after considering information obtained or reviewed through further discovery and investigation.

## PRELIMINARY STATEMENT

1. The following responses are based upon present information and belief. Defendants reserve the right to amend or supplement their responses pursuant to FRCP 26(e). Defendants' response to any of these Requests for Admission shall not be construed as a waiver of any objections, including but not limited to any objection as to relevancy or privilege applicable to any information produced in connection with the response. Defendants reserve the right to exclude from discovery information based on the following privileges, exemptions, and restrictions: (a) the attorney-client privilege; (b) the deliberative process privilege; (c) the attorney work product doctrine; and/or (d) any other applicable privilege or immunity.

## DEFENDANTS' OBJECTIONS TO DEFINITIONS

Defendants hereby make the following Objections to the Definitions and Instructions in Plaintiff's Requests for Admission:

1. Defendants object to Plaintiffs' definition of "Department of Government Efficiency affiliate" and "DOGE affiliate" in that "any employees of the General Services Administration or Office of Personnel Management who have otherwise coordinated with DOGE Teams to carry out the President's DOGE Agenda" is vague. It is unduly burdensome to require Defendants to individually assess every employee of GSA or

OPM that may have coordinated with DOGE teams. It is also unduly burdensome to require Defendants to identify "any current or former members of any federal agency's DOGE Team," as this information may not be within Defendants' possession, custody, or control. Defendants will construe Department of Government Efficiency affiliate" and "DOGE affiliate" to mean "any current or former employees of, or detailees to, the U.S. Digital Service Temporary Organization" and Conor Fennessy.

2. Defendants object to the term "IES leadership" in that "anyone substantially responsible for implementing the reduction in force announced on March 11 and 12, 2025" is vague. It is unclear what "substantially responsible" would mean in the context of Plaintiffs' Requests. Defendants will construe "IES leadership" to mean Acting Director Matthew Soldner and the commissioners or acting commissioners of IES components.

3. Defendants object to the term "IES Functions" in that "congressionally assigned functions" is vague. Defendants will interpret "IES Functions" statutorily mandated functions.

## DEFENDANTS' OBJECTIONS AND RESPONSES TO THE REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION No. 1**: Admit that the Defendants' cancellation of Institute of Education Sciences ("IES") contracts on or around February 10, 2025 was first proposed to Defendants on or after February 7, 2025.

**Objections**: Defendants object to this Request as vague and ambiguous with respect to the term "first proposed." It is unclear what would constitute a proposal as opposed to another form of communication.

**Response**: Denied

**REQUEST FOR ADMISSION No. 2**: Admit that savings of appropriated funds generated by the cancelling Institute of Education Sciences ("IES") contracts on or around Monday February 10, 2025, and IES contracts for Regional Education Laboratories on or around February 13, 2025, have not been expended in full in Fiscal Year 2025 to carry out IES functions.

**Objections**: Defendants object to this Request as to the term "savings" as vague and ambiguous. Defendants do not account for cancellation of contracts as "savings." Defendants object to the Request as compound, as it seeks an admission on the expenditures of IES contracts cancelled on or around February 10, 2025 and a separate admission on the expenditures of IES contracts cancelled on or around February 13, 2025.

**Response:** Admitted.

**REQUEST FOR ADMISSION No. 3**: Admit that Defendants' intention in designating Institute for Education ("IES") staff for termination in the reduction in force announced on or around March 11 to 12, 2025, was to transition IES functions to other entities and to reduce IES's functions.

**Objections**: Defendants object to this Request as to the term "savings" as vague and ambiguous. Defendants do not account for cancellation of contracts as "savings." Defendants

object to this Request as compound, in that it seeks an admission on "transition [of] IES functions" and an admission on "reduc[ing] IES's functions."

**Response:** Denied.

**REQUEST FOR ADMISSION No. 4**: Admit that Defendants' employee Richard J. Lucas ordered, or communicated an order to, Defendants' staff to cancel a list of Institute of Education Science ("IES") contracts en masse on February 10, 2025.

**Objections**: Defendants object to this Request as to the term "en masse" as vague and ambiguous. Defendants do not account for cancellation of contracts as "savings."

**Response:** Admitted.

**REQUEST FOR ADMISSION No. 5**: Admit that Defendants acted to terminate IES contracts after receiving an order from a Department of Government Efficiency affiliate on or around February 7th or 10th, 2025.

**Objection**: Defendants object to this Request as vague and ambiguous with respect to the term "order."

**Response**: Denied.

DATED: September 12, 2025   Respectfully submitted,

            BRETT A. SHUMATE
            Assistant Attorney General

            BRAD P. ROSENBERG
            Special Counsel

            */s/ Michael Bruns*
            Michael Bruns

Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
michael.bruns@usdoj.gov
(202) 514-4011

KELLY O. HAYES
United States Attorney
Charles R. Gayle (Bar No. 14706)
Assistant United States Attorney
U.S. Attorney's Office for the District of
Maryland
36 South Charles St.,
Baltimore, MD 21201

*Counsel for Defendants*